

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-90,720-01

### EX PARTE CHARLES LEVI MORROW, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR04410-A IN THE 394TH DISTRICT COURT
### FROM BREWSTER COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of murder and sentenced to fifty-five years' imprisonment. The Eighth Court of Appeals affirmed his conviction. *Morrow v. State*, No. 08-16-00040-CR (Tex. App. — El Paso April 5, 2019) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things,[1] that trial counsel was ineffective because trial counsel failed to object to the absence of a jury instruction applying defense of others to the murder

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

charge, and for failing to object to the absence of an instruction on mistake of fact. Applicant also alleges that trial counsel advised him that the defensive theory would be to present evidence of sudden passion arising from adequate cause, but that trial counsel failed to elicit or present sufficient evidence to support such a defense.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. Trial counsel shall state whether he believed that the evidence supported instructions on defense of others as to the murder charge, and on mistake of fact, and if so, why trial counsel did not object to the absence of such instructions in the jury charge. Trial counsel shall state whether he advised Applicant that the defensive theory was to present an affirmative defense of sudden passion arising from adequate cause, and if so, whether any evidence existed to support such a theory. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall first supplement the record with copies of the jury charges at the guilt/innocence and punishment stages of trial. The trial court shall then make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate

in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 15, 2020
Do not publish